BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
MICHAEL C. KANE. ESQ.
Nevada Bar No. 10096
JANET L. MERRILL, ESQ.
Nevada Bar No. 10736
**THE702FIRM INJURY ATTORNEYS**
400 S. 7th Street, Suite 400
Las Vegas, Nevada 89101
Telephone: (702) 776-3333
Facsimile: (702) 505-9787
E-Mail: **Janet@the702firm.com**
*-and-*
LEILA L. HALE, ESQ.
Nevada Bar No. 7368
**HALE INJURY LAW**
1661 W. Horizon Ridge Pkwy #200
Las Vegas, NV 89012
Telephone: (702) 736-5800
Facsimile: (702) 534-4655
E-Mail: **lhale@haleinjurylaw.com**
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IRMA WIDNER,<br><br>         Plaintiff,<br>   vs.<br><br>JOSEPH DARGER; EDGE TRANSPORTATION, LLC, a Kentucky Limited Liability Company; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>         Defendants. | Case No.: 2:19-cv-01607-APG-VCF |

## JOINT PRE-TRIAL ORDER

In compliance with LR 16-3 and LR 16-4 and the Order of the Court (ECF No. 52 and ECF No. 59), counsel for Plaintiff IRMA WIDNER ("Plaintiff") and Counsel for Defendants JOSEPH DARGER and EDGE TRANSPORTATION ("Defendants"), hereby submit the following Joint Pre-Trial Order in the above-referenced matter.

Following pretrial proceedings in this cause,

IT IS ORDERED:

## I. NATURE OF ACTION, RELIEF SOUGHT AND IDENTIFICATION AND CONTENTIONS OF PARTIES

This dispute arises from a motor vehicle accident that occurred in Las Vegas, Nevada, on June 20, 2017, when Ms. Widner was operating a 2008 Toyota Highlander and Defendant DARGER, within the course and scope of his employment with Defendant EDGE TRANSPORTATION, was operating a Kenworth Tractor owned by Defendant EDGE TRANSPORTATION.

Ms. Widner alleges that Defendant DARGER, while traveling directly behind her, negligently, carelessly and recklessly rear-ended her vehicle with the tractor, causing Ms. Widner to suffer serious injury. Defendants contend both Plaintiff and DARGER were both stopped at the red light at the intersection of waiting for the light to change when DARGER inadvertently took his foot off the brake pedal twice.

On March 9, 2021, the Court granted, Plaintiff's Motion to Strike Defendants' Answer. See ECF No. 52. The minutes of the proceedings read, in relevant part: IT IS ORDERED that ECF No. 46, Motion to Strike, and ECF No. 48 Motion for Default Judgment are GRANTED in PART…. Bench Trial on damages and some aspects of causation will be set…" *Id*.

## II. STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter pursuant to pursuant to Article III, Section 2 of the United States Constitution and 28 USC § 1332 based upon diversity as the amount in controversy exceeds $75,000.00, as the Plaintiff is diverse from all Defendants in this matter. Plaintiff's Complaint identifies Plaintiff as a resident of Clark County Nevada, Defendant DARGER is a resident of Utah, and Defendant EDGE TRANSPORTATION, is a Domestic Limited Liability Company in the state of Utah, is not incorporated in Nevada and does not maintain a principal place of business in Nevada.

Venue is proper in this Court under 28 U.S.C., Section 1391.

///

### III. FACTS ADMITTED BY PARTIES

The following facts have been established and/or admitted as a function of the Court's Rule 37 findings and order: Defendants owed a duty to Ms. Widner and breached said duty.

### IV. FACTS NOT CONTESTED

The following facts will not be contested at trial by evidence to the contrary: Defendants owed a duty to Ms. Widner and breached this duty.

### V. ISSUES OF FACT TO BE TRIED

The following are the issues of fact to be tried and determined upon trial:

**A.  Plaintiff's Issues of Fact:**

1. The type, nature and scope of Ms. Widner's injuries as a result of Defendants' breach;

2. The damages to Ms. Widner, including without limitation, the expenses of past medical treatment, past lost wages, past pain and suffering, the expenses of future medical treatment and future pain and suffering.

**B.  Defendants' Issues of Fact:**

1. Causation of Plaintiff's alleged injuries;

2. Plaintiff's complaints of injuries, or some of the injuries alleged, were pre-existing in nature, and/or an aggravation of pre-existing injuries; and

3. Damages.

### VI. ISSUES OF LAW TO BE TRIED

The following are the issues of law to be tried and determined upon trial:

**A.  Plaintiff's Issues of Law:**

1. Rule 37's impact on Plaintiff's obligation to prove legal causation under the facts and circumstances of the instant dispute.

**B.  Defendants' Issues of Law:**

1. Plaintiff's witness Dr. Gross should be limited in his testimony to that of non-retained treating physician.

///

## V. EXHIBITS

**A.** **Joint Exhibit List with Objections:**

The undersigned parties are continuing to refine their joint exhibit list to avoid duplication and to stipulate as feasible. A Joint Trial Exhibit List to be submitted on or before April 30, 2021.

**B.** **Stipulated Exhibits**

A Joint Trial Exhibit List to be submitted on or before April 30, 2021 and will include the parties' stipulations and objections.

To avoid the unnecessary duplication of identified exhibits, the parties agree that exhibits identified by one party, without waiving any objections as to admissibility, may be introduced by another party at the time of trial. All parties reserve the right to introduce additional exhibits at the time of trial for purposes of impeachment or rebuttal. The parties currently reserve any objections as to foundation and admissibility, but agree to continue conferring on the attached exhibit lists with the intent of identifying all exhibits that may be stipulated into evidence prior to the time of trial.

**C.** **Other Stipulated Exhibits**

None.

**D.** **Depositions:**

**1.** **Plaintiff will offer the following depositions:**

| Deponent | Deposition Date | Page & Lines |
|---|---|---|
| Non-Appearance of Defendant Darger | 07/16/2020 | na |
| Non-Appearance of Defendant Darger | 11/02/2020 | na |
| Non-Appearance of PMK for Defendant Edge Transportation | 07/01/2020 | na |
| Non-Appearance of PMK for Defendant Edge Transportation | 11/02/2020 | na |

///

**2. Defendant will offer the following depositions:**

| Deponent | Deposition Date | Page & Lines |
|---|---|---|
| Irma Widner | 07/14/2020 | |
| Hugh Selznick, MD | Attempting to coordinate a date for the doctor's deposition as he is not available to testify either of the available trial dates (in New York); have provided two deposition dates to Plaintiff's counsel | |

**3. Plaintiff objects to Defendants' depositions as follows:**

a. Renews objection under Rule 37; unable to take depositions of Defendants.

b. Reserves right to object to pre-trial deposition of Hugh Selznick, MD.

**4. Defendant objects to Plaintiff's depositions as follows:**

a. No objection, except for Custodians of Records' depositions. The only deposition taken was Plaintiff's.

Pursuant to FRCP Rule 32, the parties object to the admissibility of designated testimony to the extent that the deponent will be a witness at the time of trial.

## VII. WITNESSES

The following witnesses may be called by the parties upon trial:

**A. Plaintiff's Witnesses:**

1. Plaintiff IRMA WIDNER
   c/o THE702FIRM INJURY ATTORNEYS
   400 South Seventh Street, Suite 400
   Las Vegas, NV 89101

2. MICHAEL WIDNER
   7524 Flowing Stream Drive
   Las Vegas, NV 89131

3. Jeffrey D. Gross, M.D. and/or
   Person Most Knowledgeable and/or Custodian of Records for
   SPINE 1661 W. Horizon Ridge Parkway, Suite 280
   Henderson, NV 89012

4.  EDNA HURST
    7208 Eagle Crest Street
    Las Vegas, NV 89131

    **B.**    **Defendant's Witnesses**

1.  IRMA WIDNER
    c/o Leila L. Hale, Esq.
    c/o THE702FIRM INJURY ATTORNEYS
    400 South Seventh Street, Suite 400
    Las Vegas, NV  89101

2.  Hugh S. Selznick, M.D. – expert witness
    Consultants Medical Group, LLC
    2500 West Sahara Ave., Suite 207
    Las Vegas, NV  89102

3.  David L. Ginsberg, M.D. – expert witness
    851 S. Rampart Blvd.
    Suite 115
    Las Vegas, NV 89145

In addition, should any party to this case withdraw the designation of a witness listed in this Joint Pretrial Report, the parties reserve the right to re-designate the withdrawn witness.

## VIII. TRIAL DATE

The parties have agreed and the Court has set trial for the dates of May 19, 2021 and May 20, 2021.

///

///

///

///

///

///

///

## IX. LENGTH OF TRIAL

It is estimated that the trial will take a total of 2 days.

APPROVED AS TO FORM AND CONTENT

Dated: April 21st, 2021                                    Dated: April 21st, 2021

**THE702FIRM INJURY ATTORNEYS**              **STEPHENSON & DICKINSON**
By: */s/ Janet L. Merrill*                              By: */s/ Marsha L. Stephnson*
MICHAEL C. KANE. ESQ.                          **MARSHA L. STEPHENSON, ESQ.**
Nevada Bar No. 10096                             Nevada Bar No.6130
BRADLEY J. MYERS, ESQ.                       2820 W. Charleston Blvd. #17
Nevada Bar No. 8857                              Las Vegas, NV 89102
JANET L. MERRILL, ESQ.                        *Attorneys for Defendants*
Nevada Bar No. 10736                             *DARGER and EDGE TRANSPORTATION*
400 S. 7th Street, Suite 400
Las Vegas, NV 89101
*Attorneys for Plaintiff*

## X. ACTION BY THE COURT

(a) This case is set for bench trial/evidentiary hearing on May 19, 2021 and May 20, 2021.

(b) An original and two (2) copies of each trial brief shall be submitted to the Clerk on or before ___May 14, 2021___.

(c) Bench trial:

(1) An original and two (2) copies of all instructions requested by either party shall be submitted to the Clerk for filing on or before ___N.A.___.

///
///
///
///
///
///
///
///

(d)     Court trials:

Proposed finding of fact and conclusions of law shall be filed on or before May 14, 2021 _____.

The foregoing pretrial order has been approved by the parties to this action as evidenced by the signatures of their counsel herein, and the order is hereby entered and will govern the trial of this case. This order shall not be amended except by order of the Court pursuant to an agreement of the parties or to prevent manifest injustice.

DATED: __April 22_____, 2021.

_____
UNITED STATES MAGISTRATE JUDGE